UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMIN JUMAH,

    Plaintiff,

    v.                                  Case No. 07-C-0894

OZAUKEE COUNTY JAIL,
OZAUKEE COUNTY SHERIFF'S DEPARTMENT,
CBM FOOD SERVICES,
LIEUTENANT JERRY EBERT,
SERGEANT DETTMANN,
JIM BAUMANN, and
LENORA MOECKEL,

    Defendants.

ORDER SCREENING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(a),
DENYING PLAINTIFF'S REQUEST FOR SUMMONS (DOC. # 13) AND
DIRECTING PLAINTIFF TO SERVE DEFENDANTS.

Plaintiff, Amin Jumah, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. The complaint is now ready for screening under 28 U.S.C. § 1915A(a).

complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity requiring screening. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

*Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint has to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court is to accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id*. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## A. Background

Plaintiff was incarcerated at the Ozaukee County Jail at all times relevant. However, now he is housed at the Metropolitan Correctional Center in Chicago, Illinois. Defendants Jerry Ebert and Sergeant Dettmann are employees of the Ozaukee County Jail. Defendant CBM Food Services is a private food service company. Lenora Moeckel and Jim Baumann are CBM employees. Additionally, the Ozaukee County Jail and the Ozaukee County Sheriff's Department are named as defendants.

When the plaintiff arrived at the Ozaukee County Jail in February, 2006, he asked for a Qur'an repeatedly but his requests were denied. On February 27, 2006, the plaintiff and another Muslim inmate ordered five Qur'ans from the IQRA International Education Foundation. They each kept a copy and donated the remaining books to the jail.

In March, 2006, the plaintiff requested permission to participate in Friday evening prayers. However, defendant Dettmann denied his request because there was no Muslim group leader willing to come to the jail.

On June 20, 2006, the plaintiff contacted defendant Ebert and Sgt. Behnke (who is not a named defendant) to complain that his meals did not comply with his religion. The plaintiff explained to defendant Ebert that he required Halal meat. Defendant Ebert said that he would contact defendant CBM Food Services to see whether it could provide the proper food.

On August 1 and August 8, 2006, the plaintiff was served what appeared to be pork products. The plaintiff filed a grievance on September 10, 2006, complaining that he could not eat pork. Defendant Dettmann responded to the complaint, stating that Sergeant Behnke had addressed the matter already.

3

On September 26, 2006, the plaintiff filed another grievance regarding the lack of Friday prayers as well as the lack of Ramadan services. Sergeant Behnke responded that there were no religious leaders willing to come to the jail and that the plaintiff would have to conduct his prayers alone.

During October, 2006, the plaintiff directed several requests to jail staff asking for vegetarian meals, fruit and cheese. On October 23, 2006, defendant Dettmann advised the plaintiff that he would be provided with a kosher diet; however, the plaintiff failed to receive kosher food.

In November, 2006, defendant Lenora Moeckel stated that "Muslims receive appropriate substitutes for pork items." (Compl. at 10). Defendant Jim Baumann stated that he had never received a dietary request like that requested by the plaintiff. Then, on November 12, 2006, defendant Dettmann informed the plaintiff that kitchen would not provide him with a kosher or Halal meal.

On February 12, 2007, the plaintiff began a hunger strike. The defendants retaliated by placing the plaintiff in a holding cell and denying him showers for four days.

The plaintiff was taken to the hospital on February 19, 2007, so that he could be fed intravenously. When he ended his hunger strike on February 28, 2007, the plaintiff had lost twenty pounds.

During March, 2007, the plaintiff was served a diet limited in variety, quality and calories. He complained to jail officials and was threatened with discipline if he filed additional grievances.

4

The plaintiff asserts that the defendants prevented him from practicing his religion and retaliated against him. For relief, he demands monetary damages and injunctive relief.

**B.     Analysis**

   **1.     Freedom of Religion**

The plaintiff alleges that the defendants prevented him from practicing his religion. The Free Exercise Clause protects a prisoner's right to practice his religion as long as doing so does not unduly burden the institution. *Richards v. White*, 957 F.2d 471, 474 (7th Cir. 1992). Thus, to prevail under the Free Exercise Clause, the plaintiffs must show that a central religious belief or practice was substantially burdened. *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005)(citing *Hernandez v. Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989)). Similarly, under the Religious Land Use and Institutionalized Persons Act (RLUIPA), prisons which receive federal funding are prohibited from burdening a prisoner's exercise of religion substantially unless the prison has a compelling interest and employs the least restrictive means possible for protecting that interest. *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003). In this case, the plaintiffs has charged that defendants: (1) prevented him from obtaining a Qur'an; (2) prevented him from participating in Friday prayers and Ramadan; and (3) denied him a religious diet. Taking his allegations as true, the court finds that the plaintiff has stated claims for relief under the Free Exercise Clause of the First Amendment and RLUIPA.

   **2.     Retaliation**

The plaintiff avers that the defendants retaliated against him for engaging in a hunger strike. To state a claim for retaliation, a plaintiff must plead three elements: he must

5

"specif[y] a retaliatory action;" name the appropriate defendants; and "assert[] a constitutionally protected activity, the exercise of which caused the . . . retaliatory action." *Hoskins v. Lenear*, 395 F.3d 372, 275 (7th Cir. 2005). The plaintiff met this standard: he identified his placement in segregation as the retaliatory action; he specified the relevant defendants; and he invoked a right to protest via hunger strike. Although it is unclear whether the plaintiff's hunger strike is a constitutionally protected activity, doubts must be construed in the plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Thus, the plaintiff has stated a claim for retaliation.

### 3. State Actor Requirement

The plaintiff has sued three private actors, CBM Food Services, Jim Baumann and Lenora Moeckel. Generally, § 1983 claims apply only to persons acting under color of state law. *Gomez*, 446 U.S. at 640. However, a private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right. *Proffitt v. Ridgeway*, 279 F.3d 503, 507 (7th Cir. 2002); *see also Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004)(a private defendant acts under color of state law when he is a willful participant in joint action with the state or its agents). That is to say, "to act under color of law for purposes of § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)(internal quotation marks omitted). Because the plaintiff maintains that defendants CBM Food Services, Jim Baumann and Lenora Moeckel cooperated with the state actors to deprive him of a diet that conformed with his religious needs, he has stated claims against these defendants.

6

### 4. Municipal Liability

The complaint names the Ozaukee County Jail and the Ozaukee County Sheriff's Department as defendants. The Ozaukee County Jail is not a "person" for purposes of § 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Similarly, the Ozaukee County Jail is not a legal entity separable from the county government which it serves and, therefore, is not subject to suit. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Thus, defendants Ozaukee County Jail and the Ozaukee County Sheriff's Department will be dismissed.

Next, the plaintiff has requested that this court issue summons for all defendants. However, he did not provide the court with a summons for the clerk's signature and seal. *See* Fed.R.Civ.P. 4(b). Moreover, the plaintiff has informed the court that he is represented by the law office of Khalaf, Abuzir and Mitchell. If so, the plaintiff is required to speak to the court through counsel and not via direct communication. Regardless, the law office of Khalaf, Abuzir and Mitchell has not filed a notice of appearance, even thought the case file reveals that the law firm of Khalaf, Abuzir and Mitchell satisfied the filing fee for this action on February 29, 2008. Therefore, the plaintiff is advised that within fifteen (15) days of the date of this order, he shall either: (1) have his attorney file a notice of appearance on his behalf; or (2) advise the court that he is no longer represented by counsel. Accordingly,

**IT IS ORDERED** that the plaintiff shall serve a copy of the complaint, the summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ORDERED** that defendants Ozaukee County Jail and Ozaukee County Sheriff's Department are **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for summons (Doc. # 13) is **DENIED.**

**IT IS FURTHER ORDERED** that on or before **May 30, 2008**, the plaintiff shall either: (1) have his attorney file a notice of appearance on his behalf; or (2) or advise the court that he is no longer represented by counsel.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Law Office of Khalaf, Abuzir, Mitchell, 10003 South Roberts Road, Palos Hills, Illinois, 60465.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE